CHAPIN KEITH vs. CYRUS WARE and DAVID HARRINGTON.

The word *Junior*, affixed to the christian and surname of a person, is not legally regarded as a part of the name, but as a mode of designation depending on temporary or local circumstances.

It is no defence to an action on jail bond prosecuted in the name of the sheriff, that the bond had been broken for more than six years before the commencement of the action, and that the fact was known to the sheriff and to the creditor.

Nor is the plea of *non damnificatus*, or any like plea, available in such action.

This was debt on a jail bond, executed on the 22d day of October, A. D. 1817, to the plaintiff, then sheriff of the county of Washington, for the admission of the defendant Ware, to the liberties of the county jail, on an execution in favor of Day and Williams.    The declaration alleged an escape on the 7th day of September, A. D. 1819.    Various defences had been made, but none of them remained to be considered but the 6th and 8th pleas in bar.    These were as follows:  *Sixth plea*—"And for further plea in this behalf, by leave of court first had and obtained, the defendants say, that the plaintiff, from having and maintaining his said action thereof against them, ought to be barred ; because they say, there is not any such record of the judgment remaining in the said county court, within and for the county of Washington, as is declared and set forth in the said writing obligatory.    And this they are ready to verify. Wherefore, they pray judgment if the plaintiff ought to have and maintain his said action against them, and for their costs." To this the plaintiff replied in common form, that there was such a record, &c., and prayed an inspection by the court.— *Eighth plea*—" And for further plea, the defendants, by leave of court first had and obtained, say, that the plaintiff ought to be barred of his said action, because they say, that after the ex-

ecution of said bond and conditions, mentioned in the plaintiff's
declaration, to wit, on the 15th day of November, A. D. 1817,
the said Ware did escape from said prison and the liberties
thereof, and go at large out of said jail-yard, to wit, at said
Montpelier; which escape was well known to said plaintiff and
said Day and Williams. And said Day and Williams, on the
20th day of November, A. D. 1817, demanded of said plain-
tiff to assign and deliver to them the said bond, which said
plaintiff failed and neglected to do. And afterwards, on the
first day of June, A. D. 1826, at said Barre, said Day and
Williams having never pursued by action, or otherwise, their
remedy against the plaintiff for the said escape of the said
Ware, and their remedy against the plaintiff for said escape be-
ing barred by the statute of limitations, then and there demand-
ed of the plaintiff to assign said bond to them, and the plaintiff
then and there refused to assign the same, And the said Day
and Williams then and there, in consideration that said plaintiff
would permit them to prosecute a suit on said bond in said
plaintiff's name against the defendants, discharged the plaintiff
from all liability to them, by reason of admitting said Ware to
the liberties of said jail-yard, as set forth in the plaintiff's de-
claration, and promised to indemnify and save him harmless
from all cost and trouble by reason thereof. And this they are
ready to verify; and pray judgment that the plaintiff be barred
of his said action, and for their costs."

*Replication.*—"And the said Chapin replies to the eighth
plea of said Cyrus and David, above pleaded, and says, that
he ought not to be barred from having and maintaining his
said action thereof against them, by reason of any thing by them
in their said plea alleged, because he says, the said Day and
Williams did not, nor did either of them, on the 20th day of
November, A. D. 1817, or at any time before or after that day,
until the 10th day of January, A. D. 1827, request or demand
the said Chapin to assign or deliver said writing obligatory and
condition thereof to them, or to either of them, as is above sup-
posed in said Cyrus' and David's said plea; nor did they, the
said Day and Williams, or either of them, on said first day of
June, A. D. 1826, or at any time before or since that day, dis-
charge the said Chapin from all or any liability to them the
said Day and Williams, by reason of said Chapin admitting the
said Cyrus to the liberties of said jail-yard, as set forth in the

WASHINGTON,
March,
1831.

Keith
vs.
Ware et al.

said Chapin's declaration, or promise to indemnify and save the said Chapin harmless from all or any cost or trouble by reason thereof, as is above supposed in the said Cyrus' and David's said plea. And of all this he puts himself upon the country."

To this replication the defendants demurred specially, assigning for cause, that it tendered an issue on matters which were immaterial. The plaintiff joined in demurrer.

The record in the original action of Day & Williams against Ware, produced in evidence by the plaintiff in answer to the sixth plea, described the plaintiffs in said action, as "Ira Day, of Barre, and Silas Williams, Jr. of Plainfield, both in the county of Washington, late dealers in trade in said Plainfield, under the firm of Day & Williams." This description (omitting the mention of their late partnership) was repeated in the judgment and execution. The condition of the jail-bond described the judgment and execution as in favor of Ira Day, of Barre, and Silas Williams, of Plainfield, and corresponded with the record produced in all other particulars. It was objected that there was a fatal variance in the names of the judgment creditors, between the record and the condition of the bond, as also between the record and the declaration. But the county court overruled the objection; and the demurrer to the replication to the eighth plea being also overruled, and judgment rendered for the plaintiff, the defendants filed exceptions to both decisions, and removed the cause into this court for a final hearing.

*Merrill, Loomis and Spalding, in support of the exceptions.* There is a fatal variance between the judgment described and the record produced in evidence. The judgment recited in the declaration is in favor of Ira Day and Silas Williams; the copy of judgment offered in evidence is in favor of Ira Day and Silas Williams, Jr.. This last, therefore does not support the averment in the declaration; or in other words, there is no such record shown as is required by the issue in this case. In general, where a party is bound, either by the nature of the case, or by his own allegation, to a strict proof of a written document, any variance which affects the sense will be fatal.—3 Stark. Ev. 1587. This rule extends to a variance in the name of a party, as well as in sums, dates, and other particulars.— Ib. 1600—4 B. & P. 155. And that it extends to the variance now in question, was expressly decided in *Dehebeid* vs. *Somers*, 2 Root, 437. So a variance in setting out one of sev-

WASHINGTON,
March,
1831.

Keith
vs.
Ware et al.

eral covenants in a lease, on which breaches were assigned, as the *Celler Beerfield* instead of the *Aller Beerfield,* being considered as part of the deed declared on, though the plaintiff waived going for damages on that count, was held to be fatal, for the deed did not appear to be the same.—9 *East.* 188.—Swift's Ev. 161. In the case of *Bowles* vs. *Loomis et al.* decided in this court in A. D. 1828, on a plea precisely like the present, there was a variance in the amount of the judgment, as described in the jail-bond and in the record produced to support the issue ; and the variance was held to be fatal—*Hutchinson,* J., who delivered the opinion of the court, saying it was a clear point.

We contend that the replication to the 8th plea is bad, for the reason assigned in the special demurrer. The facts denied in the replication, to wit, that Day and Williams did not discharge the plaintiff, or agree to indemnify him, are wholly immaterial, and ought not to have been traversed. " The traverse must neither be too large nor too narrow ; and though it is in general in the negative of the words of the plea, yet time and place, or other matter when immaterial, must not be included."—1 Chit. Pl. 587-8, 530, 596.

*Smith & Peck, contra.*—It has been insisted that the omission of " Junior" in the name of Williams, as it appears in the bond, and in the declaration, has created a fatal variance between the bond and declaration, and the precedent judgment and execution. But *Junior,* or *younger,* is no part of the name, but an addition by use, and serving for a convenient distinction, when the father and son have the same christian and surname. When an omission of this character respects the plaintiff, it is not a circumstance which can be taken advantage of by abatement.—10 Mass. 203.—Com. Dig., *Abatement,* H. 4 and 6.—2 Esp. R. 726.—1 Camp. R. 14.

·To the 8th plea in bar we give three answers :—1st, The suit is brought for the benefit of the creditors, Day and Williams, and their right to recover, though the action is in the name of the sheriff, cannot be barred by the facts set up in the plea. The permission of the sheriff that this suit might be commenced and prosecuted in his name, for the benefit of the creditors, is in equity an assignment of the bond, and ought to be received and treated as such in a court of law. And no defence ought to prevail in this suit, that might not have been set up and sustained, had the bond been assigned and an action com-

WASHINGTON,
March,
1831.

Keith
vs.
Ware et al.

menced in the name of the creditors, according to the provisions of the statute. But against such a suit, it would hardly be urged, that the matters set up in this plea would form a defence.

2. The plea is bad in substance. It treats the bond as a bond of indemnity. But if it was such, a general plea of *non-damnificatus* would bar the plaintiff's action, which it will not do.—2 Vt. R. 174 and 517. And if such a plea is not available, it is difficult to see how a state of facts which shows that the plaintiff never can be damnified, can operate as a bar. Our statute regards a bond of this character as taken for the benefit of the creditor, and does not contemplate that the sheriff shall be damnified, previous to the bond being assigned, and the suit brought by the creditor. If the assignee can sustain a suit on the bond, before the sheriff has been damnified, why may not the sheriff sustain the action, since the creditor has the same, and no other right, as the officer who took the bond?

3. As the bond contains separate and distinct covenants, one of which is, that the debtor shall not depart the liberties of the prison, the penalty is forfeited at once by an escape, without any regard to the actual damnification of the sheriff. Thus, if a bond be conditioned for the payment of money at a certain day, though really given by way of indemnity, the debt accrues from the day mentioned in the condition, and does not await the damnification.—1 Bos. and Pul. 640.—2 T. R. 102.

It is not material in this action whether the statute of limitations had barred the remedy of the creditors against the sheriff or not. That is a personal defence which the defendants have no right to plead for the sheriff. It is like the plea of infancy, which none but the infant can take advantage of.—2 Hen. Bla. 511.—2 Johnson's Rep. 279—6 *Ib.* 257.—13 Mass. Rep. 237.

Besides, it being an inequitable defence, the sheriff should not be required to set it up against his own sense of justice.—No plea analogous to the present is to be found on record. It is an anomaly in the history of jurisprudence. The test of such a defence was given by his Honor the Chief Justice, at a previous stage of this cause, who remarked, "that if such a defence can prevail at all, it must be upon the ground that the creditor's claim is satisfied, or in some way barred, so that, if the sheriff should now collect, he might pocket the money." But surely the plaintiff will not be permitted to withhold from the creditors the sum recovered in this action. It will be money received

WASHINGTON,
*March*,
1831.

Keith
*vs.*
Ware et al.

to their use.   And we submit, that the statutes of West. 2, and 1 R. 2. C. 12, which gave the action of debt against a sheriff for an escape from jail on execution, should be regarded as common law in this country.   Ld. Ch. J. *Wilmot* once said, " that the common law is nothing but statutes worn out by time."—2 Wils, 348.   If such an action is sustainable, there is no statute of limitation which extends to it.

There can be no doubt of the materiality of the issue tendered by the replication.   For if the position taken by the defendants be sustained by the court, and it is held, that if the plaintiff is not liable over to the creditors for the escape, he cannot recover of the defendants :  then certainly, if they had joined issue on the discharge set up in the plea, and it had been found in their favor, judgment must have passed for them.   This shows at once the materiality of the traverse.

The opinion of the court was delivered by

Royce, J.—The only question arising under the *sixth* plea, relates to a supposed variance in the name of the creditor, Williams.   He is described as Silas Williams, *Junior*, in the original process and judgment, and as Silas Williams in the jail-bond and declaration.   According to the weight of authority, the addition of *younger*, or *Junior*, is not to be regarded as any part of the name, but merely as a convenient mode of designation, depending on. temporary or local circumstances.   We therefore decide, that the record produced sufficiently corresponds with the averments of the declaration.

If it be assumed  that the matter set forth in the *eighth* plea constitutes a defence to the action, it is quite evident that the replication is not liable to the objection taken.   The two prominent facts alleged in the plea are, that the creditors demanded an assignment of the bond on the 20th day of November, A. D. 1817 ; and that they discharged the plaintiff (agreeing to indemnify him from costs, &c.) on the 1st day of June, A. D. 1826.   Each allegation was intended to show, that before the commencement of this suit, the creditors had become disabled to enforce any claim against the plaintiff : in the one case by the statute of limitations, and in the other by their own act. These averments are equally material in support of the plea, because the effect of each is the same.   It was therefore required that each should be met by the replication.   And ac-

Washington,
March,
1831.

Keith
vs.
Ware et al.
cording to the facts as now mutually confessed,. the creditors are not barred upon either of the grounds alleged.

We are not prepared, however, to admit the validity of the plea. As the discharge of the plaintiff is alleged, it does not import a satisfaction to the creditors for their debt, nor any release or assignment of it. It merely covers their collateral claim on the plaintiff, for what had already happened. They are not precluded from the benefit of any after proceedings for the collection of the debt. On the contrary, the discharge is set forth as part of an arrangement, by which the bond was to be enforced in the plaintiff's name, for the benefit of the creditors. This may be regarded as an equitable assignment to the creditors, of the plaintiff's remedy on the bond, but surely not as an act defeating that remedy. And although the statute of limitations might protect the plaintiff from any action by the creditors, founded on his refusal to assign the bond in A. D. 1817, it would be optional with him whether to avail himself of that defence. It is not readily seen that these defendants would be entitled, of course, to anticipate it in his behalf. However this might be, the collection of the original debt, by the present suit, would afford the creditors a new cause of action against the plaintiff. Most certainly he could not retain the money. The immunity of the officer, from all existing liability, has been strongly pressed upon the court without effect, in several cases analogous in principle to the present, as the plea presents it ; and especially in *Hall* vs. *Walbridge*, 2 Aikens. A further objection is apparent in the leading principle of the plea. In effect, it is but a plea of *non-damnificatus*, which has been overruled in this and other similar cases.—2 Vt. R. 174. It treats a jail-bond as a mere indemnity to the sheriff, when, in substance, it is also a security to the creditor for his debt.— As such, the sheriff is required by statute to assign it to the creditor, and on refusal to do so, might doubtles be compelled by a court of chancery, under proper circumstances, to prose-. cute it for the creditor's benefit, or restrained from discharging it in fraud of the creditor. It has been correctly said, that in general no defence will hold to an action in favor of the sheriff, which would not be available, were the bond assigned, and prosecuted in the name of the creditor.—2 Vt. R. 517. And again, that to test the defence, it should be asked, whether, if the sheriff recovers, he could pocket the money.

Judgment of the county court affirmed.